*E-filed 3/1/2011*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KARL B. NICHOLAS,

        Plaintiff,

v.

CALIFORNIA DEPARTMENT OF SOCIAL SERVICES; DOES 1-50,

        Defendants.

No. CV 10-4569 RS

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

## I. BACKGROUND

This case arises out of plaintiff Karl B. Nicholas' application with the California Department of Social Services ("DSS") to become a registered "trustline" child care provider. Trustline is a voluntary California registry to aid parents in the selection of license-exempt caregivers such as babysitters and nannies. Applicants who wish to become registered trustline child care providers must file an application with DSS and pass a background screening check. Cal. Health & Safety Code § 1596.605. On October 30, 2009, Nicholas applied to become a registered trustline child care provider. Decl. of Cathy D. Claborne in Support of Def.'s Mot., Ex. A. In late January 2010, DSS learned that Nicholas' name may be listed on California's Child Abuse Central Index ("CACI"). Decl., ¶4, Ex. A. DSS asked Nicholas to submit a written explanation if he was in fact listed on CACI; otherwise, his application would be considered withdrawn within thirty days. *Id.* Because Nicholas timely responded to DSS, his application was not withdrawn.

Decl., ¶ 7. DSS began investigating Nicholas' CACI listing on May 4, 2010. *Id.* To date, DSS has neither granted nor denied Nicholas' application. *Id.* at ¶¶ 7, 8.

Nicholas alleges violation of his Fourth, Sixth, Eighth, and Fourteenth Amendment rights. He asks this Court to declare California Health and Safety Code section 1596.877 unconstitutional and award him a range of damages. DSS filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, and noticed a hearing for March 10, 2011. Nicholas failed to file an opposition or statement of non-opposition to the motion within twenty-one days of the hearing date. Civ. Local R. 7-3. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument. Because Nicholas' action is barred by the Eleventh Amendment to the United States Constitution, DSS' Rule 12(b)(1) motion is granted.

## II.  DISCUSSION

The Eleventh Amendment bars actions brought in federal court against an unconsenting state by her own citizens as well as by citizens of another state. *See e.g.*, *Durning v. Citibank, N.A.*, 650 F.2d 1419, 1422-23 (9th Cir. 1991) (citing *Hans v. Louisiana*, 134 U.S. 1, 9-21 (1890)) (explaining that the Eleventh Amendment "bar[s] federal courts from deciding virtually any case in which a state or the 'arm of a state' is a defendant—even where jurisdiction is predicated upon a federal question—unless the state has affirmatively consented to suit."). The Eleventh Amendment also "bars suits which seek damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (internal quotation marks omitted); *Quern v. Jordan*, 440 U.S. 332, 332 (1979) (citing *Edelman v. Jordan*, 415 U.S. 651, 677 (1979)). However, the Eleventh Amendment does not bar actions in federal court against a state official in his or her individual capacity when the plaintiff seeks prospective relief for an alleged violation of

federal law. *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 647 (2002) (quoting *Ex Parte Young*, 209 U.S. 123 (1908)); *Quern*, 440 U.S. at 332.

Nicholas first seeks a judgment declaring section 1596.877 of the California Health and Safety Code unconstitutional. Although this request alleges violations of federal law and seeks prospective relief, it is nonetheless barred by the Eleventh Amendment because Nicholas has sued only DSS and not any state officials. It is undisputed that DSS is an "arm" of the State of California. *See* Compl., ¶5 (referring to DSS as a "governmental subdivision of California"). Nicholas does not plead that any DSS employees violated his constitutional rights via their individual actions. In fact, Nicholas alleges the contrary: that his constitutional rights were violated because DSS failed to "promulgate adequate rules and regulations . . ." and to hire, supervise, train, and discipline its staff properly. Compl., ¶¶ 20-21, 25. Nicholas acknowledges that the DSS employees of which he complains were "acting within the course and scope of [their] employment." Compl., ¶ 7. Hence, since the only party in Nicholas' lawsuit is DSS, an agency of the State of California, the Eleventh amendment precludes this Court from entertaining his arguments.

Nicholas next seeks to recover an array of damages from DSS. This request amounts to a demand for a retroactive award which would be satisfied with payment of state funds. This Court's "remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief . . . and may not include a retroactive award which requires the payment of funds from the state treasury." *Quern*, 440 U.S. at 332 (citing *Edelman*, 415 U.S. at 677); *Franceschi*, 57 F.3d at 831. Thus, the Eleventh Amendment also bars Nicholas' request for damages in federal court.

## III. CONCLUSION

Nicholas' lawsuit is barred by the Eleventh Amendment. DSS' motion to dismiss for lack of subject matter jurisdiction is granted and the motion to dismiss for failure to state a claim is denied as moot. As amendment would be futile, dismissal is without leave to amend.

IT IS SO ORDERED.

Dated: 2/28/2011

RICHARD SEEBORG

UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Karl B. Nicholas
1769 Cayuga Avenue
San Francisco, CA 94112

Dated: 3/1/11                   /s/ Chambers Staff
                                Chambers of Judge Richard Seeborg